IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| William B. Nesmith, | ) | C/A No.: 4:06-533-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, William B. Nesmith, brought this action pursuant to 42 U.S.C. §§ 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is limited to whether the decision of the Commissioner is supported by substantial evidence and whether the legal conclusions are correct under controlling law. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court

1

disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v.Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Plaintiff applied for DIB in June of 2001, alleging disability since February of 1999 due to back, shoulder, and hip pain resulting from a fall while working on a ship as a longshoreman. Plaintiff's claims were denied initially by the administrative law judge. Upon reconsideration, the Appeals Council remanded the case. The Appeals Council's remand required the ALJ to "give further consideration to the claimant's maximum residual functional capacity. . .and provide rationale with specific references to evidence of record in support of assessed limitations." In doing so, the ALJ was told to "evaluate the treating source opinion pursuant to the provisions of 20 C.F.R. 404.1527 and Social Security Rulings 96-2p and 96-5p and nonexamining source opinion in accordance with 20 C.F.R. 404.1527(f) and Social Security Ruling 96-6p and to "explain the weight given to such opinion evidence." The ALJ was also directed to obtain evidence from a vocational expert. The ALJ thereafter denied plaintiff's claims in a second decision issued January 28, 2005. The Appeals Council denied the plaintiff's request for review and the ALJ's findings became the final decision of the Commissioner of Social Security. Plaintiff then appealed to the federal district court.

The claimant is a 45-year-old male who has a high school education. His past work

experience includes employment as a longshoreman at the Port of Charleston. He alleges that he became disabled in February of 1999. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for an award of benefits.

Under the Social Security Act, the plaintiff's eligibility for the benefits he is seeking hinges on whether he "is under a disability." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . " *Id*. at § 423(d)(1)(A). The burden is on the claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that he could not perform his customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the individual's (1) "residual functional capacity," *id*. at § 404.1561; (2) age, *id*. at § 404.1563; (3) education, *id*. at § 404.1564; (4) work experience, *id*. at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id*. at § 404.1561. If the assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it must be

determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id*. at § 404.1561. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether he suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents him from returning to his previous work, and (5) whether the impairment prevents him from performing some other available work.

The ALJ made the following findings in this case:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's degenerative disc disease, history of shoulder surgery and myofascial pain syndrome are considered "severe" based on the requirements in the Regulations (20 CFR § 404.1520©.

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant retains a residual functional capacity to perform a significant range of sedentary work as described above.

7. The claimant is unable to perform any of his past

4

relevant work (20 CFR § 404.1565).

8. The claimant is a "younger individual" (20 CFR § 404.1563).

9. The claimant has a "high school (or high school equivalent) education" (20 CFR § 404.1564).

10. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 CFR § 404.1568).

11. The claimant has the residual functional capacity to perform a significant range of sedentary work (20 CFR § 404.1567).

12. Although the claimant's exertional limitations do not allow him to perform the full range of sedentary work, using Medical Vocational Rule 201.21 and 201.27 as a framework for decision making, there are a significant number of jobs in the national economy that he could perform. Examples of such jobs include work as parking lot attendant, a storage facility clerk, and a surveillance system monitor.

13. The claimant was not under a "disability," as defined in the Social Security Act and regulations. (20 CFR § 404.1520(g))

(Tr. 34-35).

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge. On July 30, 2007, Magistrate Judge Thomas E. Rogers, III filed a report and recommendation ("R&R") suggesting that the action should be reversed and remanded for payment of benefits. The defendant timely filed objections to the R&R on August 14, 2007.

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objections is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and

> recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

**Treating Physicians**

In his objections to the R&R, the Commissioner claims the magistrate judge erred in recommending that the case be reversed on the basis that there is no conflicting medical evidence to justify the ALJ ignoring the opinions of three treating physicians, Drs. Wingate, Buncher, and Brabham. The defendant argues that the ALJ did not ignore those doctors' opinions but specifically addressed those opinions and gave reasons for according less weight to the opinions of Drs. Buncher and Wingate.

Prior Fourth Circuit precedent had established the weight which an ALJ must accord to an opinion of a treating physician. Under the "treating physician rule," the opinion of a claimant's treating physician must "be given great weight and may be disregarded only if there is persuasive contrary evidence." *Coffman*, 829 F.2d at 517; *see also Wilkins v. Secretary, Dep't of Health and Human Serv.*, 953 F.2d 93, 96 (4th Cir. 1991); *Foster v. Heckler*, 780 F.2d 1125, 1130 (4th Cir. 1986). On August 1, 1991, the Social Security Administration promulgated a regulation entitled "Evaluating medical opinions about your impairment(s) or disability." 20 C.F.R. § 404.1527. This regulation supersedes the Fourth Circuit's "treating physician rule." *See Shrewsbury v. Chater*, 1995 WL 592236 at *9 n.5 (4th Cir. 1995) (unpublished) ("As regulations supersede contrary precedent, the cases cited by *Shrewsbury* defining the scope of the 'treating physician rule' decided

6

prior to 20 C.F.R. § 416 and related regulations are not controlling.") (citation omitted).

The legal standard which applies is contained in 20 C.F.R. § 404.1527. Under section 404.1527, the opinion of a treating physician is entitled to more weight than the opinion of a non-treating physician. It is only given controlling weight, however, if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). This standard, of course, is more stringent than the old "treating physician rule," which accorded a treating physician's opinion controlling weight unless the record contained persuasive evidence to the contrary. *See Coffman*, 829 F.2d at 517.

Under section 404.1527, if an ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must then consider the weight to be given to the physician's opinion by applying five factors identified in the regulation: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion. 30 C.F.R. § 404.1527(d)(2)(I-ii) and (d)(3)-(5).

As the magistrate judge has already thoroughly addressed the medical evidence presented and the defendant's argument in his report and recommendation, and no new issue is raised by defendant in his objection, the Court adopts that portion of the Report and Recommendation without further discussion. The Court agrees with the analysis of the magistrate judge for the reasons set forth in his Report and Recommendation.

**Finding of Disability Province  of Commissioner**

Defendant further asserts that, to the extent the ALJ erred in not addressing the opinion of physicians that the plaintiff is disabled, such error is harmless, since the ultimate issue of disability is for the Commissioner.

While a physician does not determine disability the ALJ must sufficiently address the physicians' opinions. This argument lacks merit.

**Reversal vs. Remand**

As pointed out by the Plaintiff, the case has already been remanded once to the ALJ for findings regarding the treating physicians. The Commissioner now contends that the case should again be remanded, this time for the posing of new hypothetical questions. The court disagrees and finds a remand would serve no useful purpose under the circumstances of this case.

**Conclusion**

On the record before it, this court must overrule all objections and agree with the Magistrate Judge's recommended disposition of this case.

For the foregoing reasons, all objections are overruled; the report and recommendation of the magistrate judge is incorporated herein by reference.

The Commissioner's decision is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and the case is remanded to the Commissioner for an award of benefits.

**IT IS SO ORDERED**.

                                                   s/R. Bryan Harwell
                                                   R. Bryan Harwell
                                                   United States District Judge

September 28, 2007
Florence, South Carolina