IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| William B. Nesmith, | ) | Civil Action No. 4:06-0533-RBH |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **O R D E R** |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On December 5, 2007, the plaintiff filed a motion for attorney's fees, costs, and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412, on the basis that the position taken by the defendant in this action was not substantially justified. Defendant filed a response on December 14, 2007, indicating that he does not oppose plaintiff's request for fees, but objects to the hourly rate requested by plaintiff. The defendant also indicates that he does not oppose the plaintiff's request for costs. Plaintiff filed a Reply in which she seeks an additional award based on the time spent responding to the defendant's Response to her Motion.

Under the EAJA, a court shall generally award attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). However, attorney's fees in excess of $125 per hour should not be awarded unless the court finds that an increase in the cost of living or a "special factor" justifies a higher fee. The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. Pierce v. Underwood, 487 U.S. 552 (1988); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991).

The plaintiff requested a cost of living enhancement to the $125 statutory cap, resulting in an

hourly rate of $168.60, based on the CPI-U for all urban consumers in effect for October of 2007, which the plaintiff contends was the most recent figure available when the motion was filed. (This court's order reversing the Commissioner's decision was dated September 28, 2007.)  In this case, the Commissioner does not contest that a cost of living adjustment is appropriate.  Rather, the Commissioner asserts that the South urban regional CPI-U for January 2007, which represents the mid-point date of the services provided, should be used to reach a rate of $159.96 per hour.

First, as to the Commissioner's position that the temporal midpoint of the period during which services were rendered is the applicable date, the Act is silent.  The Commissioner relies on non-binding cases from other courts, Manino v. West, 12 Vet. App. 242 (1999) and Cox Constr. Co. v. United States, 17 Cl.Ct. 29 (1989).

In Ball v. Sullivan, 754 F.Supp. 71, 75 (D.S.C. 1990), the court rejected the "contention that the hours claimed by petitioner on behalf of plaintiff must be broken down by year or month and varied rates calculated for each division."  In Ball, the court made reference to "the close of services rendered in this case," which was June 1990, when referring to the application and calculation of the CPI figure. Id. at 74.  This court holds that October 2007 is an appropriate endpoint for computing the cost of living adjustment of the EAJA statutory cap, especially in light of the fact that there is only $8.64 per hour difference between the amount requested and the amount asserted by the government.[1]

---

[1]   The court notes that if the CPI figure for the month in which the plaintiff became a "prevailing party", September of 2007, was utilized, this would result in utilization of the same hourly rate as for October of 2007, which the plaintiff requests. If the CPI figure for November of 2007( the last month during which services were rendered according to the affidavit of counsel) was utilized, the hourly rate would be $170. (Plaintiff claims a rate of $168.60.) "'[T]he cost of living adjustment provision seems designed to provide a disincentive to agencies to prolong the litigation process.'  The agency should not reap the benefits of any inflation during litigation.  Similarly, attorneys should not have the purchasing power of their fees eroded by such inflation." Garcia v. Schweiker, 829 F.2d 396, 402 (3rd Cir. 1987) (internal citations omitted).

2

The Commissioner next contends that plaintiff counsel's hourly rate should be calculated using the South urban regional CPI rather than the national average. This court notes that in <u>Sullivan v. Sullivan</u>, 958 F.2d 574 (4th Cir. 1992), the Fourth Circuit held that a broad cost of living index is the appropriate measure by which to calculate a cost of living enhancement to the statutory fee. The Commissioner acknowledges such in his brief, but argues that <u>Sullivan</u> does not necessarily preclude the use of a regional CPI. The Commissioner goes on to cite several non-binding cases in support of his contention that this court should use the South urban regional CPI. However, having been given no binding authority to the contrary, this court holds that the proper CPI to use is the national average.

The government contends that if an attorney's fee is awarded by the Court, it should be payable to the plaintiff and not to her attorney. Plaintiff has attached an affidavit by the plaintiff indicating that she has no objection to her attorney receiving direct payment from the defendant. The Court agrees with the plaintiff that the EAJA fee should be paid directly to the attorney, although it is made on behalf of the party. However, the plaintiff's attorney should note that, if she is awarded fees under Section 406(b), then she will be required to reimburse the plaintiff for the amount of the fees received under EAJA.

Based on the foregoing and after consideration of the briefs and affidavit submitted, the court overrules the defendant's response to the plaintiff's motion for attorney's fees. The court so Orders the defendant to pay plaintiff the sum of $7502.70, or attorney's fees representing 44.5 hours of work at a rate of $168.60 per hour in addition to an award of $265.00 in costs for a total award of $7767.70.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

May 21, 2008
Florence, South Carolina